**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| TERAH DAWN HOLT, | Case No. 3:23-cv-00162-LRH-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[2]** |
| v. | [ECF Nos. 16, 19] |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Terah Dawn Holt's ("Holt") application for supplemental security income pursuant to Title XVI of the Social Security Act. Currently pending before the Court is Holt's motion for reversal and remand. (ECF No. 16.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 19, 20)[3], and Holt filed a reply and response to the cross-motion to affirm, (ECF Nos. 23, 24).[4] The Commissioner did not file a reply. Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 10), the Court concludes that the Commissioner's finding that Holt could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court recommends that Holt's motion for remand, (ECF No. 16), be denied, and the Commissioner's cross-motion to affirm, (ECF No. 19), be granted.

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]    This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[3]    ECF Nos. 19 and 20 are identical documents.

[4]    ECF Nos. 23 and 24 are identical documents.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     STANDARDS OF REVIEW

### A.     Judicial Standard of Review

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

1    "However, if evidence is susceptible of more than one rational interpretation, the decision

2    of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is

3    responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172

4    F.3d 1111, 1113 (9th Cir. 1999).

5        It is incumbent on the ALJ to make specific findings so that the court does not

6    speculate as to the basis of the findings when determining if substantial evidence supports

7    the Commissioner's decision. The ALJ's findings should be as comprehensive and

8    analytical as feasible and, where appropriate, should include a statement of subordinate

9    factual foundations on which the ultimate factual conclusions are based, so that a

10   reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d

11   1197, 1200 (9th Cir. 1990).

12       **B.    Standards Applicable to Disability Evaluation Process**

13       The individual seeking disability benefits bears the initial burden of proving

14   disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the

15   individual must demonstrate the "inability to engage in any substantial gainful activity by

16   reason of any medically determinable physical or mental impairment which can be

17   expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §

18   423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in

19   support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes

20   an inability to perform their prior work, then the burden shifts to the Commissioner to show

21   that the individual can perform other substantial gainful work that exists in the national

22   economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

23       The first step requires the ALJ to determine whether the individual is currently

24   engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b).

25   SGA is defined as work activity that is both substantial and gainful; it involves doing

26   significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-

27   (b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not

28   disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     CASE BACKGROUND**

**A.     Procedural History**

Holt applied for supplemental security income ("SSI") on July 1, 2019, with an alleged disability onset date of July 1, 2019. (AR 16, 117-18, 133.) Holt's application was denied initially on January 26, 2019, and upon reconsideration on May 10, 2019. (AR 117-

53.) Holt subsequently requested an administrative hearing and on January 27, 2022, Holt and her attorney appeared at a telephonic hearing before an ALJ. (AR 40-69.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on March 22, 202, finding that Holt was not disabled because she could perform other work that exists in significant numbers in the national economy. (AR 13-32.) Holt appealed, and the Appeals Council denied review. (AR 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Holt filed a complaint for judicial review on April 17, 2023. (*See* ECF No. 1.)

**B.    ALJ's Decision**

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 16-32.) Ultimately, the ALJ disagreed that Holt has been disabled from July 1, 2019, the alleged onset date, through the date of her decision. (AR 32.) The ALJ held that, based on Holt's RFC, age, education, and work experience, Holt could perform other work that exists in significant numbers in the national economy. (AR 31-32.)

In making this determination, the ALJ started at step one. Here, the ALJ found Holt had not engaged in substantial gainful activity since the alleged onset date of July 1, 2019. (AR 19.) At step two, the ALJ found Holt had the following severe impairments: obesity; hypertension; diabetes mellitus; spine disorder; chronic obstructive pulmonary disease ("COPD"); right heart failure; substance abuse; anxiety; borderline personality disorder; attention deficit hyperactivity disorder ("ADHD"); depression; and posttraumatic stress disorder ("PTSD"). (AR 19.) At step three, the ALJ found Holt did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (AR 19-24.)

Next, the ALJ determined Holt has the RFC to perform light work as defined by 20 CFR 416.967(b) except:

[she] can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently balance (balance as defined in the Selected Characteristics of Occupations); can frequently stoop; can frequently kneel; can frequently crouch; can frequently crawl; can never work at unprotected heights; can never work with moving mechanical parts; can occasionally work in humidity and wetness; can occasionally work in dust, odors, fumes, and pulmonary irritants; can never work in extreme cold; can never work in extreme heat; is able to perform simple, routine, and repetitive tasks; is able to perform simple work-related decisions; is able to tolerate few changes in a routine work setting, defined as performing the same duties at the same station or location day to day; can have occasional interaction with supervisors; can have occasional contact with coworkers with no tandem tasks or team-type activities; and can have occasional and superficial contact with the public.

(AR 24.)

The ALJ found Holt's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Holt's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 25.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Holt's credibility. (AR 24-30.) The ALJ then determined that Holt does not have past relevant work. (AR 30.)

Relying on the testimony of the VE, the ALJ determined that Holt's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: marker, router, and housekeeper. (AR 31-32.) Accordingly, the ALJ held that Holt had not been under a disability since the alleged onset date of July 1, 2019, through the date of the decision, and denied Holt's claim. (AR 32.)

## III.    ISSUE

Holt seeks judicial review of the Commissioner's final decision denying SSI under Titles II and XVI of the Social Security Act. (ECF No. 16.) Holt raises three issues for this Court's review:

(1)    Whether there is substantial evidence in the record to support ALJ's determination at step two that Holt's kidney stones were "not severe;"

(2)    Whether there is substantial evidence in the record to support the ALJ's determination at step three; and,

(3)    Whether there is substantial evidence in the record to support the ALJ's determination at step five.

(*Id.* at 11-15.) The Court will address each issue in turn.

IV.    **DISCUSSION**

A.    **The ALJ Properly Evaluated Holt's Kidney Stones.**

First, Holt argues there is not substantial evidence in the record to support ALJ's determination at step two that Holt's kidney stones were "not severe." (ECF No. 16 at 11-12.) At step two, the ALJ determines whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.

Here, the ALJ found Holt had the following severe impairments: obesity; hypertension; diabetes mellitus; spine disorder; chronic obstructive pulmonary disease ("COPD"); right heart failure; substance abuse; anxiety; borderline personality disorder; attention deficit hyperactivity disorder ("ADHD"); depression; and posttraumatic stress disorder ("PTSD"). (AR 19.) The ALJ also found Holt had non-severe impairments, such as kidney stones:

> The record also contains evidence of non-severe impairments, such as kidney stones, which do not significantly limit the claimant's ability to perform basic work activities. A September 14, 2019 record indicated that on exam, the claimant no tenderness of the abdomen (Exhibit 5F, page 218).

(*Id.*)

Holt argues the ALJ's finding that her kidney stones are a non-severe impairment is not supported by substantial evidence because Holt's testimony at the hearing warrants

a conclusion that her kidney stones are a "severe" impairment. (ECF No. 16 at 11.) Holt argues she testified at the hearing she was presently suffering from a 16 mm kidney stone and she suffers from kidney stones "all the time." (*Id.* (citing AR 57).) Without citing to the records, Holt claims her medical records support her testimony that she has been constantly suffering from kidney stones. (*Id.*)

In response, the Commissioner first argues that Holt's kidney stones were noncontinuous and therefore did not meet the durational requirement.[5] (ECF No. 19 at 7.) For purposes of social security disability insurance benefits, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ determines whether a claimant's alleged impairment meets the twelve-month duration requirement. *See* 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905, 404.1509, 416.909. A claimant can have a listed impairment without being presumptively disabled if the claimant's

---

[5]      The Commissioner also argues that Holt does not challenge the ALJ's evaluation of Holt's subjective symptoms and consequently has waived any challenge to the ALJ's evaluation of her subjective symptoms. (ECF No. 19 at 5, n.3.) Where a claimant has not challenged a portion of the ALJ's decision in her opening briefs, the claimant forfeits any challenge to that determination. *Schwarz v. Kijakazi*, No. 22-35792, 2023 WL 8271968, at *1 (9th Cir. Nov. 30, 2023) (unpublished) (citing *Freedom from Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018) ("[A]n appellant's failure to argue an issue in the opening brief, much less on appeal more generally, waives that issue."). While Holt argues generally that the evidence, including her testimony, supports a finding that the kidney stones are a severe impairment, Holt does not argue the ALJ specifically erred in evaluating her testimony about her kidney stones. Rather, Holt's argument is that it was unreasonable for the ALJ to "conclude that constant kidney stones are merely a 'slight abnormality'" rather than a severe impairment based on the record as a whole. (ECF No. 16 at 11.) In fact, throughout the entirety of the motion to amend, Holt does not cite any legal rules regarding an ALJ's evaluation of a claimants subjective testimony. (*See* ECF No. 16.) As Holt did not challenge the ALJ's evaluation of her subjective symptoms in her motion to remand, Holt has waived the issue and the Court will not review the ALJ's evaluation of Holt's subjective symptoms.

1   impairment is not severe enough, or if the claimant has not had it for a long enough time.

2   *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

3       In *DeLorme v. Sullivan*, the Ninth Circuit found that although there was "no dispute

4   [the claimant] suffered from pain and muscle spasms for a period of years. . . an

5   independent review of the record does not clearly demonstrate a twelve-month period

6   during which [the claimant] experienced a significant limitation of motion in the spine.

7   Therefore, there is no twelve-month period in the record during which all the criteria in the

8   Listing of Impairments are met." 924 F.2d 841, 846-47 (9th Cir. 1991). Here, like in

9   *DeLorme*, an independent review of the record does not clearly demonstrate Holt suffered

10  from kidney stones continuously for a twelve-month period. Holt does not identify, nor can

11  the Court find, any records establishing a *continuous* twelve-month period during which

12  Holt suffered *severe* impairments from kidney stones. Although Holt testified that she has

13  kidney stones "all the time," (AR 57), the medical records first establish Holt has a kidney

14  stone on February 25, 2021, but that her "initial stone episode was years ago." (AR 1081.)

15  On August 26, 2021, Holt was noted as developing sharp pains only two days prior. (AR

16  1062.) From this evidence, it is entirely reasonable for the ALJ to conclude that Holt's

17  kidney stones were non-severe because they did not cause continuous severe

18  impairments for a twelve-month period. *DeLorme*, 924 F.2d at 846-47. Therefore, the

19  Court recommends Holt's motion to remand be denied as to this issue. *Flaten v. Sec'y of

20  Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995) ("If the evidence can

21  reasonably support either affirming or reversing the [Commissioner's] conclusion, the

22  court may not substitute its judgment for that of the [Commissioner].")

23      Next, Holt argues the ALJ's focus on kidney stones, rather than all of her

24  impairments, was erroneous. (ECF No. 16 at 11-12.) Holt argues that "[b]y isolating the

25  analysis to *solely* [Holt's] kidney stones, the ALJ ignored the plethora of other impairments

26  that affect [her] ability to seek gainful employment. . ." (*Id.*) However, a review of the ALJ's

27  decision shows the ALJ specifically found that Hold does "not have an impairment or

28  *combination of impairments* that meets or medically equals the severity of one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (AR 19 (emphasis added).) In so finding, the ALJ thoroughly explained how none of Holt's impairments or combination of impairments meet or equal the listings for physical impairments, such as listings 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.16 (Lumbar spinal stenosis resulting in compromise of the cauda equina); and 3.02 (Chronic Respiratory Disorders), among others. (AR 19-20.) Therefore, the Court recommends Holt's motion to remand be denied as to this argument because the ALJ did not focus solely on Holt's kidney stones, but rather considered whether Holt had any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Consequently, the Court recommends the Commissioner's counter motion to affirm be granted as to this issue because it is based on substantial evidence and there is no legal error. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

**B.    The ALJ's Decision at Step Three is Supported by Substantial Evidence.**

Next, Holt argues the ALJ's determination at step three was erroneous and not supported by substantial evidence. (ECF No. 16 at 12-13.) First, Holt argues the ALJ erred by failing to consider Holt's mental health conditions in combination when evaluating whether Holt's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) Holt argues "the ALJ found that because [Holt] had a few good days in therapy, she had a 'moderate limitation' with respect to her mental impairments." (*Id.* at 13.) Holt argues the record indicates Holt suffers from several marked limitations with respect to her mental limitations, including evidence that she can only leave her home in very limited circumstances. (*Id.*)

The Commissioner argues that the only evidence cited by Holt in support of her motion for remand is from Holt's hearing testimony, which the ALJ properly found was not entirely consistent with the medical evidence and other evidence in the record. (ECF No. 19 at 7-10.) The Commissioner points out that Holt does not point to medical evidence but rather "relies entirely on her subjective testimony." (*Id.* at 8-9 (citing ECF No. 16 at 13).) The Commissioner also again argues that Holt does not challenge the ALJ's finding that her testimony was unreliable. (*Id.* at 9.) As explained previously, Holt waived the issue of the ALJ's evaluation of Holt's subjective testimony and therefore the Court will not review the ALJ's determination as to Holt's testimony.[6] *Schwarz*, No. 22-35792, 2023 WL 8271968, at *1 (unpublished) (citing *Freedom from Religion Found., Inc.*, 896 F.3d at 1152).

In evaluating the severity of mental impairments, a special procedure must be followed at each level of administrative review. See 20 C.F.R. §§ 404.1520a(a), 416.920a(a). First, the ALJ evaluates a claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [claimant has] a medically determinable mental impairment[]." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). The ALJ must also "specify the symptoms, signs, and laboratory findings that substantiate the presence of [each determined] impairment and document [the] findings . . . ." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Next, the ALJ rates "the degree of functional limitation resulting from [claimant's] impairment." 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Rating the degree of functional limitation is a highly individualized process that requires the ALJ to consider all relevant evidence to determine the extent to which a claimant's impairment interferes

---

[6]     Here, Holt again fails to argue that the ALJ erred in evaluating Holt's subjective testimony and instead argues generally that the record shows ample evidence of Holt's limitations in interacting with others. (ECF No. 16 at 13 ("[T]he record indicates that Plaintiff suffers several marked limitations with respect to her mental impairments. . . [T]he ALJ's finding that Plaintiff only suffered a 'moderate limitation' as a result of her mental impairments is not supported by substantial evidence.").) This argument is advocating for another interpretation of the record broadly, rather than alleging specific errors in the ALJ's evaluation of Holt's testimony. (*Id.*)

1    with their "ability to function independently, appropriately, effectively, and on a sustained

2    basis." 20 C.F.R. §§ 404.1520a(c), 416.920a(c). There are four broad functional areas in

3    which the ALJ will rate the degree of functional limitation: "Understand, remember, or apply

4    information; interact with others; concentrate, persist, or maintain pace; and adapt or

5    manage oneself." *Id*. The ALJ rates the degree of limitation in each of the four areas using

6    a five-point scale: "None, mild, moderate, marked, and extreme." *Id*.; *see also Hoopai v.*

7    *Astrue*, 499 F.3d 1071, 1077–78 (9th Cir. 2007). After determining the degree of functional

8    limitation, the ALJ then determines the severity of the mental impairment. See 20 C.F.R.

9    §§ 404.1520a(d), 416.920a(d).

10        At step three, the ALJ found that Holt did not have an impairment or combination of

11    impairments that meets or medically equals the severity of one of the listed impairments

12    in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

13    The ALJ thoroughly explained how Holt's "mental impairments, considered singly and in

14    combination, do not meet or medically equal the criteria of listings 12.04 (Depressive,

15    bipolar and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders), 12.08

16    (Personality and impulse-control disorders), 12.11 (Neurodevelopmental disorders), and

17    12.15 (Trauma-and stressor-related disorders)." (AR 20-24.) The ALJ specifically found

18    that Holt has moderate limitations in the four functional areas: understanding,

19    remembering, or applying information; interacting with others; concentrating, persisting, or

20    maintaining pace; and adapting or managing oneself. (*Id.*) In so doing, the ALJ specified

21    the symptoms, signs, and laboratory findings that substantiated the presence of each

22    impairment. (*See, e.g., id.* (finding the record demonstrated Holt did "not require complete

23    isolation from others" based on her testimony that she is able to live with her boyfriend

24    and go grocery shopping, and medical reports which show Holt attended group therapy

25    and was responsive to prompts and respectful to peers).) The evidence cited by the ALJ

26    reasonably supports the conclusion that Holt's impairments, singly or in combination, did

27    not meet or medically equal the severity of one of the listed impairments in 20 CFR Part

28    404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

Therefore, the Court recommends Holt's motion to remand be denied and the Commissioner's countermotion to affirm be granted because there is substantial evidence in the record to support the ALJ's decision at step three. *Flaten*, 44 F.3d at 1457 (9th Cir. 1995).

### C.     The ALJ's Decision at Step Five is Supported by Substantial Evidence.

Finally, Holt argues the ALJ's determination at Step 5 was erroneous and not supported by substantial evidence. (ECF No. 16 at 13-14.) Specifically, Holt argues her impairments preclude her from performing all three jobs identified by the VE. (*Id.*) Step 5 requires the ALJ to determine whether the individual is able to do any work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

At Step 4, the ALJ determined Holt has the RFC to perform light work as defined by 20 CFR 416.967(b) except:

> [she] can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently balance (balance as defined in the Selected Characteristics of Occupations); can frequently stoop; can frequently kneel; can frequently crouch; can frequently crawl; can never work at unprotected heights; can never work with moving mechanical parts; can occasionally work in humidity and wetness; can occasionally work in dust, odors, fumes, and pulmonary irritants; can never work in extreme cold; can never work in extreme heat; is able to perform simple, routine, and repetitive tasks; is able to perform simple work-related decisions; is able to tolerate few changes in a routine work setting, defined as performing the same duties at the same station or location day to day; can have occasional interaction with supervisors; can have occasional contact with coworkers with no tandem tasks or team-type activities; and can have occasional and superficial contact with the public.

(AR 24.) The ALJ also determined that Holt does not have relevant work experience. (AR

19, 31.)

Relying on the testimony of the VE, the ALJ determined that Holt's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: marker, router, and housekeeping cleaner. (AR 31.)

Holt argues all three positions identified by the VE would require Holt to leave her home, which her anxiety, PTSD, and depression prevent her from doing, and require Holt to interact with individuals, including clients, coworkers, or supervisors. (ECF No. 16 at 14.) Holt points to the VE's limitation that Holt could have one absence per month and otherwise absenteeism would be work preclusive and testimony that reducing contact with a supervisor to less than occasional would be work preclusive. (*Id.* (citing AR 67-68).)

The Commissioner argues the ALJ properly included Holt's limitations relating to contact with supervisors in his hypothetical questions for the ALJ. (ECF No. 19 at 10.) The ALJ found Holt "can have occasional interaction with supervisors; can have occasional contact with co-workers with no tandem tasks or team-type activities; and can have occasional and superficial contact with the public." (AR 24.)

An ALJ posing a hypothetical question to a vocational expert "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)). However, it is proper for an ALJ to limit a hypothetical to only those restrictions that are supported by substantial evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb*, 433 F.3d at 686. An ALJ "need not include all claimed impairments in his hypotheticals, [but] he must make specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). Therefore, the question turns on whether there is substantial evidence in the record to support the ALJ's determination

1  that Holt "can have occasional interaction with supervisors; can have occasional contact

2  with co-workers with no tandem tasks or team-type activities; and can have occasional

3  and superficial contact with the public." (AR 24.)

4         Here, the ALJ determined that Holt's reported activities support that Holt retained

5  functional abilities. (AR 27, 30.) In making this determination, the ALJ pointed to Holt's

6  function report where she "indicated that she feeds two chihuahuas, prepares her own

7  meals, drives, can go out alone when going out, shops in stores with a friend, is able to

8  count change, spends time with others, and visits with a friend occasionally." (*Id.*) The ALJ

9  also cited Holt's hearing testimony "that she is able to bathe on her own, can make herself

10  something to eat, is able to dress independently, does dishes, and talks with her

11  boyfriend." (*Id.*) Although the issue of the ALJ's evaluation of Holt's subjective testimony

12  is not currently before the Court, the ALJ may consider a claimant's daily activities in

13  weighing a claimant's credibility.[7] *See Smolen*, 80 F.3d at 1284 (citations omitted); *see*

14  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (as amended).

15  The above evidence reasonably supports the conclusion that Holt is not incapable of even

16  occasional interactions with supervisors but rather "can have occasional interaction with

17  supervisors; can have occasional contact with co-workers with no tandem tasks or team-

18  type activities; and can have occasional and superficial contact with the public." As the

19  evidence reasonably supports the ALJ's conclusion at step five, the Court recommends

20  Holt's motion to remand be denied and the Commissioner's counter motion to affirm be

21  granted as to this argument. *Flaten*, 44 F.3d at 1457.

22  ///

23

24  _____

25  [7]      Again, Holt does not argue the ALJ erred in evaluating Holt's subjective testimony.
Holt argues "all three positions would (1) require Plaintiff to leave her home, which her

26  anxiety, PTSD, and depression prevent her from doing, and (2) interact with individuals,
including clients, coworkers or supervisors," but does not make any argument that the ALJ

27  erred in evaluating Holt's testimony about her daily activities. Rather, Holt again argues
that there is no substantial evidence in the record generally to support the ALJ's decision.

28  (ECF No. 16 at 14.)

1 **V.    CONCLUSION**

2        For good cause appearing and for the reasons stated above, the Court

3 recommends that Holt's motion to remand, (ECF No. 16), be denied, and the

4 Commissioner's cross-motion to affirm, (ECF No. 19), be granted.

5        The parties are advised:

6        1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

7 Practice, the parties may file specific written objections to this Report and

8 Recommendation within fourteen days of receipt. These objections should be entitled

9 "Objections to Magistrate Judge's Report and Recommendation" and should be

10 accompanied by points and authorities for consideration by the District Court.

11       2.    This Report and Recommendation is not an appealable order and any notice

12 of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

13 Court's judgment.

14 **VI.    RECOMMENDATION**

15       **IT IS THEREFORE RECOMMENDED** that Holt's motion to remand, (ECF No. 16),

16 be **DENIED**, and the Commissioner's cross-motion to affirm, (ECF No. 19), be **GRANTED**;

17       **IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and **CLOSE**

18 this case.

19 **DATED**:  January 4, 2024.

20

21                                    _____

                                         **UNITED STATES MAGISTRATE JUDGE**

22

23

24

25

26

27

28